# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

JOE CURTIS HARRIS,

    Plaintiff,

v.                                            CIVIL ACTION NO.: CV507-047

FNU FLETCHER; FNU PERRY;
FNU HIGH, and FNU STEWART,

    Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at D. Ray James Prison in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Plaintiff was granted leave of the Court to proceed in forma pauperis in this action by Order dated June 6, 2007.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act (APLRA@), 28 U.S.C. ' 1915. 28 U.S.C. ' 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. ' 1915(g). This provision of the PLRA Arequires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals. @ Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which have been dismissed and count as strikes under § 1915(g): (1) Harris v. Fowler, CV506-066 (S.D. Ga. Nov. 27, 2006) (dismissed for failure to state a claim); (2) Harris v. Davis, CV499-242 (S.D. Ga. Dec. 27, 1999) (dismissed for failure to follow a court order); and (3) Harris v. Blake, CV498-212 (S.D. Ga. Nov. 25, 1998) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access the courts, to due process of law, or to equal protection, nor does it violate the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

In his Complaint, Plaintiff asserts that on May 22, 2007, Defendant Fletcher struck him in the chest. Plaintiff further asserts that upon Defendant Fletcher's Order, Defendants Perry and Steward assaulted Plaintiff by beating him to the ground and stomping upon his back, neck, and head. Plaintiff avers that after he received medical treatment, he was stripped, taken into an isolation cell, and threatened by Defendant Steward to be assaulted again upon going to segregation.

Plaintiff cannot claim he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, an inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In

determining whether imminent danger is present, the issue is whether the plaintiff's complaint, as a whole, alleges imminent danger. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). Additionally, the plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 1999). Lastly, a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Because Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to proceed in forma pauperis and is required to pay the complete filing fee pursuant to § 1915(g). Accordingly, the Court **VACATES** its June 6, 2007, Order. Plaintiff=s request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this __13th__ day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE